WILLIAMS et al. v. JONES et al.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

WILLS—CONSTRUCTION—INTENT OF TESTATRIX.

Testatrix devised land to her son for life, remainder to his issue by his first wife, (1) in the event he left his wife and son surviving him and the happening of certain contingencies; (2) in the event his son, but not his wife, survived him, and the son died without issue; (3) in the event that neither his wife nor his son survived him, and his son died without issue. A subsequent clause provided that the residue of her estate should go to her son and a daughter. The son's wife survived him, but the son did not. *Held*, that testatrix intended that the land devised to her son should go to his issue by his first wife only on the occurrence of one of the specified events, and, since none occurred, it should go to testatrix's daughter and the son's wife, as beneficiary in his will, under the residuary clause.

Appeal from special term.

Action by George E. Williams and others, as trustees under the will of Mary Mason Jones, deceased, against Catherine L. O'Conor Jones and others. From a judgment in favor of the plaintiffs, de-fendants appeal. Affirmed.

Action brought to procure a judgment construing the ninth clause of the will of Mary Mason Jones, deceased, and also for a settlement of the accounts of her executors and trustees. The ninth clause of the will reads as follows: "Ninth. I give and devise unto George G. Williams, Woodbury G. Langdon, and George B. Post, and their successors as trustees, all that certain lot of

land, with the buildings and improvements thereon, situate on the westerly side of the Bowery, between Grand and Broome streets, in the city of New York, which is now known by the street number 126 (one hundred and twenty-six) Bowery, the said lot of land beginning about twenty-five feet and one inch northerly from the northerly line of Grand street, and extending thence northerly, and being about twenty feet in width in front and rear and one hundred feet in depth; and also those two certain other lots of land, with the buildings and improvements thereon, known, respectively, as number 632 (six hundred and thirty-two) Broadway and 164 (one hundred and sixty-four) Crosby street, extending together from the easterly side of Broadway to the westerly side of Crosby street, in the city of New York, subject to the mortgages upon the same which may exist at the time of my death,—to have and to hold the same unto the said George G. Williams, Woodbury G. Langdon, and George B. Post, and their successors, as trustees in trust during the natural life of my son Mason R. Jones, to receive the rents, issues, income, and profits thereof, and to apply one equal half part of the net rents, issues, income, and profits thereof to the use of my said son Mason R. Jones during his natural life, such one equal half part of such net income to be paid to him quarterly upon his written receipt, and to apply the other one equal half part of the net rents, issues, income, and profits thereof to the use of Louise O'Conor Jones, the wife of my said son Mason R. Jones, for so long during the natural life of my said son as she shall live, such last-mentioned one equal half part of such net income to be paid to her quarterly upon her separate written receipt; and, if she shall die before my said son, then, from and after her death, to apply such last-mentioned one equal half part of such net rents, issues, income, and profits to the use of my said son during the remainder of his natural life, the same to be paid to him quarterly upon his written receipt; and from and after the death of my said son, if he shall leave him surviving his said wife, Louise O'Conor Jones, and their son Renshaw Mason Jones, to continue to hold one equal undivided half part of the said three lots of land and buildings and improvements thereon until the death or remarriage of the said Louise O'Conor Jones, upon a further separate trust to receive the rents, issues, income, and profits thereof, and to apply the net rents, issues, income, and profits thereof to the use of the said Louise O'Conor Jones until her death or remarriage, the same to be paid to her quarterly upon her written receipt; and upon her death or remarriage, whichever shall first happen, to convey, transfer, and deliver the said one equal undivided half part of the said three lots of land and buildings and improvements thereon in fee simple to my said grandson, Renshaw Mason Jones, if he be then living, or to his issue if he shall have previously died leaving issue then surviving, such issue to take in equal shares per stirpes, and not per capita; but if my said grandson Renshaw Mason Jones shall have died before the death or remarriage of the said Louise O'Conor Jones, without leaving issue who shall be living at the time of such her death or remarriage, then and in such case, upon her death or remarriage, to convey, transfer, and deliver the said one equal undivided half part of the said three lots of land, and buildings and improvements thereon, in fee simple to the children then living of my said son Mason R. Jones by his wife, Lydia Beekman Jones, and the issue then living of any child or children of his by his said wife, Lydia Beekman Jones, who shall have previously died, in equal shares per stirpes, and not per capita, the issue of any such deceased child to take only the share which the parent of such issue would have taken if living; and from and after the death of my said son Mason R. Jones, if he shall leave him surviving his wife, the said Louise O'Conor Jones, and his son Renshaw Mason Jones, to continue to hold the other one equal undivided half part of the said three lots of land, and buildings and improvements thereon, during the natural life of the said Renshaw Mason Jones upon a further separate trust to receive the rents, issues, income, and profits thereof, and to apply the net rents, issues, income, and profits thereof to the use of the said Renshaw Mason Jones during his natural life, the same to be paid to him quarterly upon his written receipt; and, upon the death of the said Renshaw Mason Jones leaving lawful issue him surviving, to convey, transfer, and deliver the said last-mentioned one equal undivided half part of the said three lots of land, and buildings and improvements thereon, in fee

simple to such issue in equal shares per stirpes, and not per capita; or, if he shall leave no lawful issue him surviving, then, and in such case, upon his death to convey, transfer, and deliver the said last mentioned one equal undivided half part of the said three lots of land, and buildings and improvements thereon, in fee simple to the children then living of my said son Mason R. Jones by his wife, Lydia Beekman Jones, and the issue then living of any child or children of his by his said wife, Lydia Beekman Jones, who shall have previously died, in equal shares per stirpes, and not per capita, the issue of any such deceased child to take only the share which the parent of such issue would have taken if living; but if my said son Mason R. Jones shall survive the said Louise O'Conor Jones, and at his death shall leave, him surviving, his said son Renshaw Mason Jones, then, and in such case, to continue to hold the whole of the said three lots of land and buildings and improvements thereon mentioned in this article of my will, from and after the death of my said son, in trust during the natural life of the said Renshaw Mason Jones, to receive the rents, issues, income, and profits thereof, and to apply the net rents, issues, income, and profits thereof to the use of my said grandson Renshaw Mason Jones during his natural life, the same to be paid to him quarterly upon his written receipt; and, upon the death of the said Renshaw Mason Jones leaving lawful issue him surviving, to convey, transfer, and deliver the whole of the said three lots of land, and buildings and improvements thereon, in fee simple to such issue, in equal shares per stirpes, and not per capita, or, if he shall leave no lawful issue him surviving, then, and in that case, to convey, transfer, and deliver the same in fee simple to the children then living of my said son Mason R. Jones by his wife, Lydia Beekman Jones, and the issue then living of any child or children of his by his said wife, Lydia Beekman Jones, who shall have previously died, in equal shares per stirpes, and not per capita, the issue of any such deceased child to take only the share which the parent of such issue would have taken if living; and if at the time of the death of my said son Mason R. Jones, and said Louise O'Conor Jones shall have died, and the said Renshaw Mason Jones shall also have died, but leaving issue who shall survive my said son, then, and in such case, upon the death of my said son, to convey, transfer, and deliver the whole of the said three lots of land, and buildings and improvements thereon, in fee simple, to such issue, in equal shares per stirpes, and not per capita; and if, before the death of my said son, the said Louise O'Conor Jones shall have died, and the said Renshaw Mason Jones shall also have died, leaving no issue surviving my said son, then, and in such case, upon the death of my said son I give and devise the whole of the said three lots of land, and buildings and improvements thereon, in fee simple to the children then living of my son Mason R. Jones by his wife, Lydia Beekman Jones, and the issue then living of any child or children of his by his said wife, Lydia Beekman Jones, who shall have previously died, in equal shares per stirpes, and not per capita, the issue of any such deceased child to take only the share which the parent of such issue would have taken if living."

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Henry A. Forster, for appellants Lydia, L. M., and Arthur Jones.

Oliver J. Wells, for appellants Alice Iselin and Mary M. Haskell.

Henry H. Schnedeker, guardian ad litem, for infant defendants Iselin and Haskell.

Howard C. Tracy, for respondent Mary De Trobriand.

Michael H. Cardozo, for respondent Catherine L. O'Conor Jones.

McLAUGHLIN, J. The testatrix, Mary Mason Jones, died on the 28th of May, 1891. She left surviving her son Mason R. Jones and her daughter Mary De Trobriand. The son had been twice married, and had several children by his first wife, who were living at the time of the death of the testatrix. He also had a son (Ren-

shaw Mason Jones) by his second wife, Louise O'Conor Jones, both of whom were living at the time of the death of the testatrix. The son Renshaw died on the 5th of November, 1894, unmarried, and without issue, leaving, him surviving, his father, Mason, and his mother, Louise. On the 18th of February, 1899, the father, Mason, died, leaving, him surviving, his wife, Louise (the defendant Catherine L. O'Conor Jones), and several children by his first wife and their issue. The complaint alleges that the testatrix did not specifically direct what disposition should be made of the property devised in the ninth clause of her will in case Mason should die leaving his wife, Louise, but not his son Renshaw, surviving, and that, this event having occurred, a doubt has arisen as to the proper construction of the ninth clause, and particularly as to the disposition to be made of the property therein specified. In the answer of the defendants Catherine L. O'Conor Jones and Mary De Trobriand, it is alleged, in substance, that Renshaw having died before Mason, and Mason having died leaving, him surviving, his wife, Louise, the trust attempted to be created by the ninth clause of the will of the testatrix was, by reason of such facts, terminated, and that they thereby became entitled to receive the principal of said trust estate under the residuary, or tenth, clause, which reads as follows:

"Tenth. All the rest, residue, and remainder of the estate and property, both real and personal, of every kind and description, and wheresoever situated, which shall belong to me, or be subject to my disposal, at the time of my death, I give, devise, and bequeath, in fee simple and absolutely, to my son Mason R. Jones and my daughter Mary De Trobriand, to be divided between them in equal shares."

In the answer of the other defendants (the children by the first wife of Mason and their issue) it is alleged, in substance, that under the ninth clause of the will of the testatrix they became entitled to one equal undivided half part of the estate mentioned in such clause upon the death of Mason, and by reason thereof they are now entitled to such one-half part, and that as to the title to the one remaining half part it is now vested in the plaintiffs as trustees for the benefit of Louise during her life, or until her remarriage, and, when either of such events takes place, then that title will also absolutely vest in them. The learned justice at special term, after a trial had, reached the conclusion that, by reason of the death of Renshaw prior to the death of his father, Mason, the principal of the trust estate, upon the death of Mason (Louise being then living), was undisposed of, and the title to all of the property therein specified, under the residuary, or tenth, clause of the will, became vested in the defendants Mary De Trobriand and Catherine L. O'Conor Jones, as sole beneficiaries and legatees under the will of Mason. We are satisfied, after a careful consideration of the question presented, that the conclusion reached by the learned justice at special term was right. By reading the ninth clause of the will of the testatrix, it will be seen that the real estate therein mentioned is devised in trust to the executors named, for the life of the son Mason, during which time the trustees are to receive the rents, issues, and profits, and apply one half thereof to the use of Mason during his

66 N.Y.S.—45

life, and the other half to the use of his wife, Louise, during his life, and, in case of her death prior to that of Mason, then the half given to her is to go to him. This trust, manifestly, was measured by, and depended upon, the life of Mason. It terminated upon his death, and, of course, cannot be involved in any way in the determination of the question presented by this controversy.

After the death of Mason, the testatrix desired to dispose of the trust estate in several ways, such disposition, however, to depend upon and be determined by the circumstances existing at the time of his death: (1) She provides that, "from and after the death of my said son, if he shall leave, him surviving, his said wife, Louise O'Conor Jones, and their son Renshaw Mason Jones," the trustees are to continue to hold one half of the trust estate until the death or remarriage of Louise, for her benefit, and, upon her death or remarriage, they are to convey such half to Renshaw, if he be then living, or to his issue, if he shall be then dead leaving issue him surviving, or, in default thereof, to the children of Mason by his first wife. The other half is to be held for the benefit of Renshaw during his life, the remainder to his surviving issue, or, in default thereof, to the issue of Mason by his first wife. From this provision it is clear that the trust attempted to be created for the lives of Louise and Renshaw could only have effect or come into existence at all upon the death of Mason, he leaving, him surviving, both his wife, Louise, and their son Renshaw,—an event which did not occur. This trust, therefore, never took effect, and the remainders which depended upon it never came into existence. (2) The testatrix next provides that, "if my said son Mason R. Jones shall survive the said Louise O'Conor Jones, and at his death shall leave, him surviving, his said son Renshaw Mason Jones," the trustees are to continue to hold the trust estate for the benefit of Renshaw during his life, with the remainder to his issue, or, if he shall die without issue, then the remainder to the issue of Mason by his first wife. This provision, however, like the preceding one, depended upon circumstances which never existed, viz. the survival of Mason after the death of his wife, Louise, and at his death leaving, him surviving, his son Renshaw. (3) According to the final provision, it is provided that "if, before the death of my said son, the said Louise O'Conor Jones shall have died, and the said Renshaw Mason Jones shall also have died," the trustees are—First, to convey said trust estate to the issue of Renshaw in equal shares, if he leave issue him surviving; or, second, if he died without surviving issue, then to convey the same to the issue of Mason by his first wife. These events have not occurred, and manifestly a claim cannot be successfully made that any interest could be acquired by the appellants under or by virtue thereof. Both of the remainders created by them are dependent upon the death of Louise and the death of Renshaw before that of Mason, an event which did not occur.

We have thus referred at some length to the different provisions of the ninth clause of the will of the testatrix, for the purpose of showing, as clearly as possible, that the circumstances upon which the issue by the first wife and their issue could, by any possibility,

acquire an interest in the trust estate, have not occurred, and for that reason they are not entitled to receive any of the property therein specified or any interest therein. A consideration of this clause of the will of the testatrix cannot fail to impress one with the fact that she intended that the children and their issue of the first marriage should not have any interest in her property unless the conditions set out in such clause existed. If we are right in this, then it necessarily follows that the court at special term properly construed this clause of her will. The construction to be placed upon a will is always to be determined by the intent of the testator, if such intent can be ascertained. This is a fundamental rule, and the rule is equally fundamental that effect is to be given to that intent, if it can be done without contravening a settled rule of construction or a statute of the state.

To aid us in arriving at the intent of the testatrix, counsel for the respective parties have called our attention to many authorities, to which we deem it unnecessary to refer in this opinion, further than to say that we have examined them. In construing a will, authorities furnish little aid. Each case must necessarily stand by itself, and its proper construction can only be determined from the words there used.

Here, in the view which we have taken, the intent of the testatrix seems plain. She intended that upon the death of Mason the trust created by the ninth clause should terminate, and the property therein mentioned should pass under the tenth, or residuary, clause of her will, unless (1) Mason left, him surviving, both his wife, Louise, and his son Renshaw; or (2) unless he left, him surviving, only his son Renshaw; or (3) unless he left, him surviving, neither his wife, Louise, nor his son Renshaw. Upon the occurrence of some one of these three contingencies, the trust under which the appellants could become entitled to any interest in the property specified in this clause was dependent. Neither title nor interest in the trust estate could be acquired by any one under this clause of her will, unless one, at least, of these three events occurred; and, none of them having occurred, it follows that upon the death of Mason the property mentioned in the ninth clause was undisposed of, and passed under the tenth, or residuary, clause, to Mary De Trobriand, and to the defendant Catherine L. O'Conor Jones, as sole surviving beneficiary under the will of Mason.

The judgment is right, and must be affirmed, with costs to each respondent appearing by a separate attorney, payable out of the estate. All concur.